UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTE SECURITIES, LLC,<br>                            Petitioner,<br>v.<br>SKYBELL TECHNOLOGIES, INC.,<br>                            Respondent. | Case No. 1:23-cv-3241<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

INTE Securities, LLC hereby petitions the Court to confirm the Final Award, issued April 5, 2023 and attached as Exhibit 1 to the Declaration of Jeffrey Chubak in Support ("Decl.") and enter judgment thereon, pursuant to Section 9 of the Federal Arbitration Act (9 U.S.C. § 1, et seq.), and states:

## THE PARTIES

1. Petitioner is a Florida LLC that is registered with FINRA as a broker-dealer.

2. Per its FINRA BrokerCheck Report (Decl. Exhibit 2) and Florida Limited Liability Company Annual Report (Decl. Exhibit 3), Petitioner's "main office location" and "current principal place of business" is in Boca Raton, Florida.

3. Per the FINRA BrokerCheck Report, Petitioner's members are Howard Spindel, Shelley Spindel, Michael Stupay, Shelley Stupay and Fredric Obsbaum.

4. Howard and Shelley Spindel are domiciled in Boca Raton, Florida.

5. Michael and Shelley Stupay are domiciled in Warren, New Jersey.

6. Fredric Obsbaum is domiciled in Little Falls, New Jersey.

7. Per the Nevada Secretary of State website (Decl. Exhibit 4), Respondent Skybell Technologies, Inc. is a Nevada corporation.

8. Per its Statement of Information Corporation filed April 6, 2023 with the California Secretary of State (Decl. Exhibit 5), Respondent's "principal address" is in Irvine, California.

## JURISDICTION AND VENUE

9. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between Petitioner and Respondent and the Final Award amount exceeds $75,000.

10. The Court has personal jurisdiction over Respondent because it agreed to have the arbitration take place in New York. (Final Award at 2, quoting Agreement § 17(G).) *Merrill Lynch, Pierce, Fenner & Smith v. Lecopulos*, 553 F.2d 842, 844 (2d Cir. 1977) (an "agreement to resolve disputes by arbitration in New York constitute[s] consent to personal jurisdiction in New York"); *see also Matter of Lauritzen Kosan Tankers (Chemical Trading, Inc.)*, 903 F. Supp. 635, 636 (S.D.N.Y. 1995) ("by merely signing the charter party, which designated New York as the site for arbitration, [respondent] consented to personal jurisdiction in New York").

11. Venue is proper under 9 U.S.C. § 9 because this petition seeks to confirm an arbitral award made within this district.[1]

## BACKGROUND

12. The arbitration concerned a claim for breach of an Investment Advisory and Investment Banking Agreement dated December 21, 2018. (Decl. Exhibit 7, "Agreement.")

13. Respondent failed to appear in the arbitration.

14. No additional arbitrator other than Richard Silberberg was appointed.

---

[1] The Demand for Arbitration (Decl. Exhibit 6) lists the "hearing locale" as "New York City" per Agreement § 17(G) and the proceeding was assigned to Richard Silberberg, a partner in the New York office of Dorsey & Whitney LLP (https://www.dorsey.com/people/s/silberberg-richard-h), whose New York office (https://www.dorsey.com/locations/new-york) is in Manhattan. The New York Regional Office of the AAA (see https://www.adr.org/OfficeLocations) is in Manhattan, and it has no office in the Eastern District.

15. The reasoned, Final Award, issued on a dispositive motion, directed Respondent to pay Petitioner $250,000 plus interest at 9%/year from June 21, 2020 (payment due date under the Agreement, Final Award at 6, ¶5) through April 5, 2023 (date of Final Award) ($62,753.42) plus AAA administrative fees ($2,900) and arbitrator compensation ($6,682.50) paid by Petitioner, totaling $322,335.92.

16. No application has been made to modify or correct the Final Award; and no prior application has been made to confirm the Final Award.

## COUNT 1
## To Confirm Final Award

17. Petitioner repeats and incorporates the above paragraphs as if each were set out in its entirety.

18. 9 U.S.C. § 9 provides that "any party to the arbitration may apply to the court … for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

19. No grounds exist for the Final Award to be vacated, modified or corrected under Sections 10 or 11.

20. District court review of arbitral awards is limited and such awards are accorded great deference under the Federal Arbitration Act.

21. Petitioner is entitled to an order confirming the Final Award, pursuant to the Federal Arbitration Act.

WHEREFORE, Petitioner requests that the Court confirm the Final Award, enter judgment thereon (including prejudgment interest from April 5, 2023 plus costs) and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
      April 18, 2023

AMINI LLC

/s/ Jeffrey Chubak
Bijan Amini
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
jchubak@aminillc.com
Attorneys for Petitioner