UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTE SECURITIES, LLC,<br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>SKYBELL TECHNOLOGIES, INC.,<br>　　　　　　　　　　Respondent. | Case No. 1:23-cv-03241 (KPF)<br><br>**RULE 56.1 STATEMENT OF MATERIAL FACTS** |

　　　　Petitioner INTE Securities, LLC submits this Statement of Material Facts pursuant to Local Civil Rule 56.1, in support of its motion for summary judgment confirming the final arbitration award issued April 5, 2023 (Chubak Decl. Exhibit 1, "Final Award") and entering a money judgment thereon.

　　　　1.　　Respondent marketed doorbell cameras that are connected to home security systems through Wi-Fi. (Final Award at 4.)

## JURISDICTION

　　　　2.　　Petitioner is a Florida limited liability company (Chubak Decl. Exhibit 2) that is registered with FINRA as a broker-dealer.

　　　　3.　　Petitioner's "main office location" and "current principal place of business" is in Boca Raton, Florida. (id.; Chubak Decl. Exhibit 3 ("FINRA BrokerCheck Report") at PDF p.1.)

　　　　4.　　Petitioner's members are Howard Spindel, Shelley Spindel, Michael Stupay, Shelley Stupay and Fredric Obsbaum. (FINRA BrokerCheck Report at PDF p.2.)

　　　　5.　　Howard Spindel and Shelley Spindel are Florida citizens; and Michael Stupay, Shelley Stupay and Fredric Obsbaum are New Jersey citizens. (ECF Doc. #4.)

　　　　6.　　Respondent is a Nevada corporation. (Chubak Decl. Exhibit 4.)

　　　　7.　　Respondent's "principal place of business" is 1 Jenner, Suite 100 in Irvine, California. (Chubak Decl. Exhibit 5.)

8. That address is also the notice address listed in Agreement § 17.B (defined below), and the company address listed in Respondent's terms of use.  (Chubak Decl. Exhibit 6.)

## VENUE

9. Petitioner commenced the arbitration by filing a Demand for Arbitration with AAA (Chubak Decl. Exhibit 7), which listed the "Hearing locale" as "New York City" pursuant to the Agreement; specifically, § 17.G.

10. Richard H. Silberberg was appointed arbitrator on or about November 4, 2022. (Final Award at 3.)

11. Arbitrator Silberberg is a Partner in the New York office of Dorsey & Whitney LLP. (Chubak Decl. Exhibit 8.)

12. Dorsey & Whitney LLP's New York office is located in Manhattan.  (Chubak Decl. Exhibit 9.)

13. The AAA's New York Regional Office is in Manhattan. (Chubak Decl. Exhibit 10.)

14. Per https://www.adr.org/OfficeLocations, the AAA has no office in the Eastern District.

## BACKGROUND

15. Petitioner entered into an Investment Advisory and Investment Banking Agreement with the "Company," defined as "Skybell, Inc., a California company, together with all subsidiaries, successors, and affiliates or to-be-affiliated companies" dated December 21, 2018. (Chubak Decl. Exhibit 11, "Agreement.")

16. The Agreement is signed by Joseph Scalisi on behalf of Skybell, Inc.

17. Respondent's "Management Team" webpage lists Joseph Scalisi as its Founder and Chief Technology Officer, Desiree Mejia as Co-Founder and COO and Ron Garriques as CEO.

(Chubak Decl. Exhibit 12.)  Respondent's California Secretary of State filings also list Desiree Mejia as Secretary and CFO, and list her as "Agent for Service of Process."  (Chubak Decl. Exhibit 5.)

18. A search for "Skybell" on the California Secretary of State business entity webpage yields only one result (Respondent) which states Respondent was incorporated in Nevada and its registered agent is Desiree Mejia.  (Chubak Decl. Exhibit 13.)

19. The Nevada Secretary of State entity information webpage for Respondent lists Ron Garriques as its President and Director, and Desiree Mejia as its Secretary and Treasurer.  (Chubak Decl. Exhibit 4.)

20. The Final Award (at 5) states "Although the Agreement names 'Skybell, Inc.' as a Party, the actual name of the entity is Skybell Technologies, Inc."

21. The arbitration was for breach of Agreement § 8.B(1) which calls for payment of $250,000 to Nathan Low, the designated "Service Provider" under the Agreement, "or any company designated by him", not later than "18 months from the date of this Agreement."  (Final Award at 1-2, 4-6.)

22. In accordance with the Agreement § 17.G, prior to commencing the arbitration Petitioner gave Respondent written notice of its intention to commence an arbitration absent resolution of the parties' contract dispute.  (Chubak Decl. Exhibit 14.)

23. The letter was transmitted August 4, 2022, by registered mail, return receipt requested, to the notice address listed in Agreement § 17.B, and was delivered August 12, 2022.  (Chubak Decl. Exhibit 15.)

24. The letter was also emailed to Joseph Scalisi, Desiree Meija and Ron Garriques.  (Chubak Decl. Exhibit 16.)

25.     Upon the filing of the Demand for Arbitration, Petitioner's counsel transmitted notice of the filing of the same, together with the accompanying Statement of Claim and exhibits thereto, to Joseph Scalisi, Desiree Meija and Ron Garriques at the same email addresses to which the above-referenced letter was sent.  (Chubak Decl. Exhibit 17.)

26.     That email was not returned as undeliverable.  (Chubak Decl. ¶3.)

27.     The AAA gave Respondent notice of the preliminary hearing by first class mail to the same address the pre-arbitration letter was sent, Attn Ron Garriques, and also to Ron Garriques by email.  (Chubak Decl. Exhibit 18.)

28.     Respondent did not attend.

29.     Thereafter, five procedural orders were issued: the first rescheduled the preliminary hearing to afford Respondent a second chance to attend; the second fixed a deadline for Petitioner to seek leave to make a dispositive motion; the third fixed a deadline for Respondent to respond to Petitioner's letter seeking leave; the fourth fixed a deadline for Petitioner to make such motion; and the fifth fixed a deadline for Respondent to respond to Petitioner's motion.  (Final Award at 3-4.)

30.     "The AAA provided Procedural Order No. 1, and all subsequent procedural orders issued in this Arbitration, to Respondent at the electronic and physical addresses provided by Claimant, and that the AAA had on file for Respondent."   (Final Award at 3.)

31.     The Final Award granted Petitioner's dispositive motion, and directed Respondent to pay Petitioner $250,000, plus pre-award interest at the statutory rate from June 21, 2020 through April 5, 2023 ($62,753.42), totaling $312,753.42; and also reimburse Petitioner "$9,582.50, representing the total amount of AAA administrative fees and arbitrator compensation … advanced in this Arbitration."  (Final Award at 6.)

Dated: New York, New York          AMINI LLC
      May 25, 2023

/s/ Jeffrey Chubak
Bijan Amini
Jeffrey Chubak
131 West 35th Street
12th Floor
New York, New York 10001
(212) 490-4700
bamini@aminillc.com
jchubak@aminillc.com
Attorneys for Petitioner