UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTE SECURITIES, LLC,<br><br>                              Petitioner,<br><br>                -v.-<br><br>SKYBELL TECHNOLOGIES, INC.,<br><br>                              Respondent. | 23 Civ. 3241 (KPF)<br><br>**OPINION AND ORDER** |

KATHERINE POLK FAILLA, District Judge:

Before the Court is Petitioner INTE Securities, LLC's unopposed motion

for summary judgment in support of its petition (the "Petition") to confirm an

arbitral award pursuant to Section 9 of the Federal Arbitration Act (the "FAA"),

9 U.S.C. §§ 1-16.  Following the arbitration proceedings that heralded this

action, arbitrator Richard H. Silberberg (the "Arbitrator") of the American

Arbitration Association (the "AAA") issued a Final Award (the "Final Award")

finding that Respondent Skybell Technologies, Inc. had breached a payment

obligation contained in the Investment Advisory and Investment Banking

Agreement (the "IA/IB Agreement") entered into by the parties in late 2018,

which breach had resulted in damages in the principal sum of $250,000.  For

the reasons set forth in the remainder of this Opinion, the Court grants

Petitioner's motion and confirms the Final Award.

## BACKGROUND[1]

### A.     Factual Background

Petitioner INTE Securities, LLC is a Florida limited liability company
registered with the Financial Industry Regulatory Authority ("FINRA") as a
broker-dealer.  (Pet. 56.1 ¶ 2).  Its main office is located in Boca Raton, Florida.
(*Id.* ¶ 3).  Respondent Skybell Technologies, Inc. is a Nevada corporation that
develops Wi-Fi-enabled doorbell cameras for home security systems.  (*Id.* ¶¶ 1,
6).  Its principal place of business is located in Irvine, California.  (*Id.* ¶ 7).

The instant dispute arose from an Investment Advisory and Investment
Banking Agreement entered into between Petitioner and the entity "Skybell,
Inc." on December 21, 2018.  (Pet. 56.1 ¶ 15).  Petitioner asserts that the IA/IB
Agreement mistakenly referred to "Skybell, Inc.," and that its counterparty
should have been designated as "Skybell Technologies, Inc." (*i.e.*, Respondent).
(*See* Chubak Decl., Ex. 1 ("Final Award") at 1 n.1).  The IA/IB Agreement was

---

[1]     The facts set forth in this Opinion are drawn from Petitioner's submissions in
connection with its motion for summary judgment.  The Court primarily sources facts
from Petitioner's Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #14)) and the Declaration
of Jeffrey Chubak, Esq. ("Chubak Decl." (Dkt. #16)), including the exhibits attached
thereto ("Chubak Decl., Ex. []").

Citations to Petitioner's Rule 56.1 Statement incorporate by reference the documents
and testimony cited therein.  Where a fact stated in the Rule 56.1 Statement is
supported by evidence, the Court finds that fact to be true.  *See* Local Civil Rule
56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the
statement required to be served by the moving party will be deemed to be admitted for
purposes of the motion unless specifically controverted by a correspondingly numbered
paragraph in the statement required to be submitted by the opposing party."); *id.* at
56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b),
including each statement controverting any statement of material fact, must be followed
by citation to evidence which would be admissible, set forth as required by Fed. R. Civ.
P. 56(c).").

signed by Joseph Scalisi, Respondent's Founder and Chief Technology Officer. (*See* Chubak Decl., Ex. 11 ("IA/IB") at 9).  Relevant to the instant dispute, Section 8.B(1) of the IA/IB Agreement calls for the payment of $250,000 to Nathan Low, the designated "Service Provider" under the IA/IB Agreement, "or any company designated by him," not later than "18 months from the date of th[e] Agreement."  (*Id.* at 4).

On August 4, 2022, Petitioner sent Respondent a written notice via registered mail of its intention to commence an arbitration proceeding pursuant to Section 17.G of the IA/IB Agreement.  (Pet. 56.1 ¶¶ 22-23; *see generally* Chubak Decl., Ex. 14).  The letter was delivered to Respondent's address — the address listed for "Skybell, Inc." in the IA/IB Agreement (*see* IA/IB 7), and as the "Principal Address" of the entity "Skybell Technologies, Inc." in a Statement of Information, Corporation, obtained by Petitioner from the California Secretary of State (*see* Chubak Decl., Ex. 5 at 1) — on August 12, 2022.  (Pet. 56.1 ¶ 23).  Petitioner also emailed the letter to Joseph Scalisi; to Desiree Mejia, Respondent's Co-Founder and Chief Operating Officer; and to Ron Garriques, its Chief Executive Officer.  (Pet. 56.1 ¶¶ 17, 24; *see generally* Chubak Decl., Ex. 16).

Petitioner thereafter filed a Demand for Arbitration, Statement of Claim, and accompanying exhibits with the AAA on September 9, 2022.  (Pet. 56.1 ¶ 25; *see generally* Chubak Decl., Ex. 7).  Petitioner again sent notice of the

filing to Scalisi, Mejia, and Garriques via email.  (Pet. 56.1 ¶¶ 25-26; *see generally* Chubak Decl., Ex. 17).

By letter dated November 11, 2022, the AAA notified the parties of the appointment of Richard H. Silberberg as arbitrator, and the scheduling of a preliminary hearing for November 21, 2022, via Zoom.  (Pet. 56.1 ¶ 27; *see generally* Chubak Decl., Ex. 18).  Despite receiving notice, Respondent failed to attend the hearing.  (Pet. 56.1 ¶ 28).  The Arbitrator rescheduled the preliminary hearing to December 19, 2022, indicating via Procedural Order issued November 23, 2022, that "if Respondent did not appear, the preliminary hearing would move forward on that date and [the Arbitrator] would establish the schedule and procedures for the Arbitration without Respondent's participation."  (Final Award 3).  Each of the AAA's Procedural Orders was sent to Respondent via both physical and electronic mail at the addresses for Respondent provided by Petitioner and on file with the AAA.  (*Id.*).

After Respondent failed to appear for the December 19, 2022 preliminary hearing, Petitioner sought leave to submit a dispositive motion pursuant to Rule R-34 of the AAA Commercial Arbitration Rules on January 12, 2023.  (Final Award 3 & n.2).  Respondent was directed (again, via Procedural Order) to file a written response by January 27, 2023.  (*Id.* at 3).  Respondent filed no such response, and the Arbitrator authorized Petitioner to file a dispositive motion by February 17, 2023.  (*Id.*).

Petitioner filed its dispositive motion on February 15, 2023, together with several sworn affidavits. (Final Award 3). Respondent was provided — by yet another Procedural Order — until March 8, 2023, to submit a written response. (*Id.* at 4). No such response was filed. (*Id.*). The Arbitrator thereafter declared the arbitration proceedings closed as of March 8, 2023. (*Id.*).

On April 5, 2023, the Arbitrator issued a Final Award granting Petitioner's dispositive motion and directing Respondent to pay Petitioner $250,000 plus pre-award interest at the statutory rate from June 21, 2020, through April 5, 2023 (totaling $62,753.42) for a total award of $312,753.42. (Pet. 56.1 ¶ 31; Final Award 6-7). The Final Award also directed Respondent to reimburse Petitioner $9,582.50 for AAA administrative fees and arbitrator compensation. (*Id.*). Of equal importance, the Final Award made the factual finding that the entity "Skybell, Inc." identified in the IA/IB Agreement was in fact Respondent. (*Id.* at 5).

## B.     Procedural Background

The procedural history of the instant case is somewhat circuitous. After the arbitration proceedings concluded, Petitioner commenced the instant action on April 18, 2023, by filing a petition to confirm the Final Award pursuant to Section 9 of the FAA. (*See generally* Dkt. #1). Because this Court treats proceedings to confirm an arbitration award as akin to a motion for summary judgment, on April 19, 2023, this Court ordered Petitioner to move

for confirmation of the Final Award in accordance with Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York.  (Dkt. #8 (citing *D.H. Blair & Co., Inc.* v. *Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006))).  Pursuant to such order, on May 25, 2023, Petitioner filed a motion for summary judgment to confirm the Final Award (Dkt. #13) and memorandum of law in support thereof (Dkt. #15), as well as an accompanying Rule 56.1 statement of material facts (Dkt. #14) and the Declaration of Jeffrey Chubak (Dkt. #16). Respondent was ordered to file any opposition to Petitioner's motion on or before June 28, 2023 (Dkt. #8), but as of that date it neither filed such opposition nor appeared in the instant action.

On September 12, 2023, Petitioner submitted a pre-motion letter in anticipation of moving for prejudgment discovery and enforcement in accordance with Section 5229 of the New York Civil Practice Law and Rules. (Dkt. #18).  *See* N.Y. C.P.L.R. § 5229.  The parties were ordered to appear for a pre-motion conference on October 6, 2023.  (Dkt. #19).  At the October 6, 2023 conference, counsel for Respondent appeared for the first time, persuading Petitioner not to pursue its Section 5229 motion and the Court to provide the parties a period of time to attempt to resolve the dispute in the absence of further judicial intervention.  (*See* October 6, 2023 Minute Entry).  Three days later, Respondent's counsel filed an appearance on the docket.  (Dkt. #21).

The parties spent the weeks following the October 6, 2023 conference discussing, and ultimately reaching, a settlement in principle in this case. Notice of the settlement was filed on the docket on November 16, 2023. (Dkt. #27). The Court issued an order conditionally discontinuing this case without prejudice and without costs on the next day; provided, however, that Petitioner was permitted to apply by letter for restoration of this action to the active calendar of the Court in the event that the settlement was not consummated in the subsequent forty-five-day period. (Dkt. #28).

Two weeks later, on December 1, 2023, Petitioner filed a letter notifying the Court that Respondent had failed to abide by the terms of the parties' settlement agreement — which agreement was now void — and requesting reinstatement of the case pursuant to the terms of the Court's order of discontinuance. (Dkt. #29). When Respondent failed to file any opposition to Petitioner's letter motion for reinstatement of the case, the Court ordered the parties to appear for a conference on Petitioner's motion on January 10, 2024. (Dkt. #31).

At the January 10, 2024 conference, Respondent's counsel again appeared, this time to move for withdrawal. (*See* January 10, 2024 Minute Entry). The Court granted Respondent's counsel's motion. (*Id.*). The Court also granted Petitioner's letter motion to reopen the case; accordingly, the Clerk of Court reopened the case on January 10, 2024. (*Id.*). Finally, the Court provided Respondent thirty days to find new counsel, absent the appearance of

which the Court would consider Petitioner's pending motion for summary

judgment to confirm the Final Award unopposed. (*Id.*). Thirty days having

passed since the January 10, 2024 conference, with no new counsel having

appeared for Respondent, Petitioner's motion is once again ripe for the Court's

determination.

**DISCUSSION**

**A.     Applicable Law**

    **1.     Confirmation of Arbitration Awards**

In the Second Circuit, the confirmation of an arbitration award is

generally "a summary proceeding that merely makes what is already a final

arbitration award a judgment of the court." *Florasynth, Inc.* v. *Pickholz*, 750

F.2d 171, 176 (2d Cir. 1984); *accord Stafford* v. *Int'l Bus. Machines Corp.*, 78

F.4th 62, 67 (2d Cir. 2023). Accordingly, the Court's corresponding inquiry is

narrow in scope: the Court is obligated to confirm an arbitration award "if a

ground for the arbitrator's decision can be inferred from the facts of the case."

*D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted). "Only 'a

barely colorable justification for the outcome reached' by the arbitrators is

necessary [for the court] to confirm [an] award." *Id.* (quoting *Landy Michaels

Realty Corp.* v. *Loc. 32B-32J, Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir.

1992)). Indeed, courts in this Circuit will vacate an arbitration award "only

upon finding a violation of one of the four statutory bases [enumerated in the

Federal Arbitration Act], or, more rarely, if [the court] find[s] a panel has acted

8

in manifest disregard of the law." *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007).

> **2.      Summary Judgment Under Federal Rule of Civil Procedure 56**

Courts in the Second Circuit typically treat an unopposed motion to confirm an arbitration award as a motion for summary judgment. *D.H. Blair & Co.*, 462 F.3d at 109.[2]  Accordingly, when faced with such a motion, a court must determine — drawing "all justifiable inferences" in favor of the nonmoving party, *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) — whether "no genuine dispute [of] any material fact" exists as to the legitimacy of the subject arbitration award and "the movant is entitled to judgment as a matter of law" in accordance with Federal Rule of Civil Procedure 56(a).  Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law," and is genuinely disputed "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Importantly, where (as here) a motion for summary judgment is unopposed, summary judgment may still be denied "[i]f the evidence submitted in support of the summary judgment motion does not meet the movant's

---

[2]      *See also, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M & RR Constr. Corp.*, No. 22 Civ. 6467 (VSB) (SLC), 2022 WL 20652775, at *4 (S.D.N.Y. Nov. 17, 2022), *report and recommendation adopted*, 2023 WL 5957120 (S.D.N.Y. Sept. 13, 2023); *Bishop* v. *Dalton Kent Sec. Grp., Inc.*, No. 21 Civ. 8957 (PAC) (SLC), 2022 WL 2307089, at *3 (S.D.N.Y. June 6, 2022), *report and recommendation adopted*, 2022 WL 2307742 (S.D.N.Y. June 27, 2022); *Neshgold LP* v. *N.Y. Hotel & Motel Trades Counsel, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013).

burden of production[.]"  *Vt. Teddy Bear Co., Inc.* v. *1-800 BEARGRAM Co.*, 373

F.3d 241, 244 (2d Cir. 2004).  Further, in determining whether an

unchallenged movant has met its burden, "the district court may not rely solely

on the statement of undisputed facts contained in the moving party's Rule 56.1

statement."  *Id.*  Rather, the court must "be satisfied that the citation to

evidence in the record supports the [movant's] assertion."  *Id.*

**B.     Analysis**

As a preliminary matter, the Court finds that it has jurisdiction to

confirm the Final Award.  Importantly, with respect to subject matter

jurisdiction, "[t]here must be an independent basis of jurisdiction before a

district court may entertain petitions under [Section 9 of the FAA]."  *Harry*

*Hoffman Printing, Inc.* v. *Graphic Commc'ns, Int'l Union, Local 261*, 912 F.2d

608, 611 (2d Cir. 1990); *see also Badgerow* v. *Walters*, 596 U.S. 1, —, 142 S.

Ct. 1310, 1316 (2022) (reaffirming that the FAA's provisions authorizing

"applications to confirm, vacate, or modify arbitral awards ... do not themselves

support federal jurisdiction").  Here, 28 U.S.C. § 1332(a)(1) provides such a

basis.  Specifically, there is complete diversity between the parties and the

Final Award amount exceeds $75,000: Petitioner is a Florida LLC whose

principal place of business is in Florida and whose members (all individuals)

are domiciled in Florida and New Jersey;[3] Respondent is a Nevada corporation

---

[3]      The citizenship of an LLC is determined by the citizenship of each of its members.  *See,*
         *e.g.*, *Bayerische Landesbank, N.Y. Branch* v. *Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 49
         (2d Cir. 2012); *New Millennium Cap. Partners, III, LLC* v. *Juniper Grp. Inc.*, No. 10 Civ. 46

whose principal place of business is in California; and the amount of the Final

Award is $322,335.92.  (Pet. 56.1 ¶¶ 2-8, 31).  What is more, the Court has

personal jurisdiction over Respondent on its consent.  (*See* IA/IB 7-8 ("Any

disputes between the parties relating to the terms of this agreement, or any

breach thereof, shall be submitted to binding arbitration in New York City[.]").

*See also Merrill Lynch, Pierce, Fenner & Smith* v. *Lecopulos*, 553 F.2d 842, 844

(2d Cir. 1977) ("[An] agreement to resolve disputes by arbitration in New York

constitute[s] consent to personal jurisdiction in New York[.]").

Moving to the merits of Petitioner's motion, the Court finds that no

triable issue of material fact exists as to the validity of the Final Award.  The

evidence submitted by Petitioner in support of its motion for summary

judgment includes, *inter alia*:

- A copy of  the Statement of Information, Corporation, for the entity "Skybell Technologies, Inc." obtained by Petitioner from the California Secretary of State, which indicates that Respondent's registered address is the same address as (i) that which was listed for the entity "Skybell, Inc." in the IA/IB Agreement and (ii) that to which all letters, notices, and orders associated with the underlying arbitration proceedings in this matter were directed.  (*See* Chubak Decl., Ex. 5 at 1).  The Statement of Information also lists both "Desiree Mejia" and "Ron Garriques" as officers of "Skybell Technologies, Inc." (*Id.*).

- A copy of a webpage on the "Skybell Technologies, Inc." website, which page provides that Joseph Scalisi serves

---

(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) ("A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.").

as Respondent's Founder and Chief Technology Officer; Desiree Mejia serves as its Co-Founder and Chief Operating Officer; and Ron Garriques serves as its Chief Executive Officer. (*See* Chubak Decl., Ex. 12).

▪ A copy of the IA/IB Agreement, signed by Scalisi, which indicates that (i) Respondent agreed to pay Nathan Low, the designated "Service Provider" under the agreement, a sum of $250,000 (*see* IA/IB 4 ("For advisory work already performed by Low, [Respondent] hereby confirms in writing its obligation to pay Low or any company designated by him $250,000, ... due and payable at the earlier of the sale of the company or 18 months from the date of execution of this Agreement.")), and (ii) "[a]ny disputes between the parties relating to the terms of th[e] agreement, or any breach thereof, shall be submitted to binding arbitration in New York City in accordance with the rules of the [AAA]" (*id.* at 8).

▪ A demand letter addressed to Respondent, dated August 4, 2022, which confirms that Petitioner warned Respondent about the delinquent payment under Section 8.B(1) of the IA/IB Agreement, as well as Petitioner's intent to arbitrate the issue. (*See* Chubak Decl., Ex. 14 at 1 ("Absent receipt of the $250,000 ... we intend to commence an arbitration proceeding ... against Skybell Technologies, Inc. to recover not just the $250,000 but interest of 9%/year from June 21, 2020 (the date said payment was due under the agreement), attorneys' fees pursuant to the indemnification provisions of the agreement[,] and arbitration costs.")).

▪ The Final Award itself, which indicates that the Arbitrator considered "all the evidence that has been presented in this Arbitration" — including the Statement of Information, Corporation, for the entity "Skybell Technologies, Inc." from the California Secretary of State; the IA/IB Agreement; and the August 4, 2022 demand letter, *inter alia* — and "the guidance provided by [Petitioner] in [its] dispositive motion" in rendering his decision on the Final Award. (Final Award 5-6).

The Court concludes that the evidence presented by Petitioner is sufficient to "support[] the assertion" that the Award is justified. *Vt. Teddy Bear Co., Inc.*, 373 F.3d at 244. In other words, the Court cannot conclude that the Arbitrator — in rendering the Award — "ignore[d] the plain language of the [IA/IB Agreement]" or failed to "even arguably constru[e] or appl[y] the [IA/IB Agreement] and ac[t] within the scope of his authority." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016) (quoting *United Paperworks Int'l Union* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)). Indeed, the Final Award's conclusion that

> [Petitioner] ha[s] sustained [its] burden of proving by a preponderance of the credible evidence that [Respondent] breached the payment obligation contained in Section 8(B)(1) of the [IA/IB] Agreement, resulting in damages in the principal sum of $250,000

(Final Award 6), is the logical outcome of the above sequence of records provided by Petitioner. Accordingly, the Court finds that the Arbitrator's interpretation of the IA/IB Agreement is far more than just "barely colorable, which, again, is all that the law requires." *Nat'l Football League Mgmt. Council*, 820 F.3d at 539 (internal quotations omitted).

Although not essential to the foregoing conclusion, the Court also notes that no grounds exist for setting aside the Final Award in this case. None of the statutory grounds for vacatur applies: the record does not indicate that (i) Petitioner acquired the Final Award via corruption, fraud, or undue means; (ii) the Arbitrator was unfairly biased; (iii) the Arbitrator engaged in misconduct

or prejudicial behavior; or (iv) the Arbitrator acted beyond the explicit scope of

his powers.  *See* 9 U.S.C. § 10(a) (providing the four statutory grounds for

vacatur of an arbitral award); *Porzig*, 497 F.3d at 139.

## CONCLUSION

For the foregoing reasons, Petitioner's motion for summary judgment is

GRANTED.  The Clerk of Court is directed to enter judgment in favor

of Petitioner in the amount of $322,335.92 — comprising principal damages of

$250,000; plus $62,753.42 in pre-award interest, accruing at the statutory

rate from June 21, 2020, through April 5, 2023; plus $9,582.50 for AAA

administrative fees and arbitrator compensation — the outstanding balance

due under the Final Award.  Additionally, pre-judgment interest will accrue at

a rate of nine percent per annum from the date of the Award through the date

of judgment.[4]  Post-judgment interest will accrue at the statutory rate

pursuant to 28 U.S.C. § 1961.[5]

---

[4]     Petitioner requests prejudgment interest from April 5, 2023 (the date of the Final
        Award), through the date of judgment.  (Dkt. #1 at 3).  The decision to "grant
        prejudgment interest in arbitration confirmations is left to the discretion of the district
        court." *Ceona PTE Ltd.* v. *Bmt Giant, S.A. de C.V.*, No. 16 Civ. 4437 (WHP), 2016 WL
        6094126, at *2 (S.D.N.Y. Oct. 19, 2016) (quotation marks omitted).  The Second Circuit
        has, however, adopted a "presumption in favor of pre-judgment interest." *Waterside
        Ocean Navigant Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir. 1984).  What is
        more, "[t]he common practice among courts within the Second Circuit is to grant
        interest at a rate of nine percent, the rate of pre-judgment interest under New York
        State law." *Herrenknecht Corp.* v. *Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL
        1149122, at *3 (S.D.N.Y. Apr. 16, 2007) (quotation marks omitted); *see* N.Y. C.P.L.R.
        § 5004.  The Court finds no basis to depart from the "common practice" in this case.

[5]     "Awards of post-judgment interest under § 1961 are mandatory … and apply to actions
        to confirm arbitration awards." *Trs. for the Mason Tenders Dist. Council Welfare Fund* v.
        *Euston St. Servs., Inc.*, No. 15 Civ. 6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5,
        2016) (first citing *Cappiello* v. *ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013); and
        then citing *Westinghouse Credit Corp.* v. *D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004)

The Court DENIES without prejudice Petitioner's application for costs from April 5, 2023, through the date of judgment.  (Dkt. #1 at 3).[6]

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      February 23, 2023
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

(awarding post-judgment interest in action to confirm arbitration award) ("There is no question but that the post-judgment interest awarded in this case was mandatory under § 1961.")).

[6]    There is a contractual basis for an award of attorneys' fees and costs in this action, as the indemnification provision of the IA/IB Agreement provides that:

> [Respondent] agrees to indemnify, defend[,] and hold harmless [Petitioner, its] respective affiliates, members, managers, officers, consultants, employees, agents[,] or controlling persons ... from and against any and all losses, claims, damages, liabilities[,] or expenses (including, without limitation, attorney's reasonable fees and costs) related to, arising out of or in connection with this Agreement[.]

(IA/IB 6).  Further, the Second Circuit has held that such an award is permissible where, as here, "a party has unjustifiably refused to abide by an arbitrator's award." *Synergy Gas Co.* v. *Sasso*, 853 F.2d 59, 65 (2d Cir. 1988); *see also Ceona*, 2016 WL 6094126, at *3 ("[Respondent] failed to satisfy the Final Award, and has not responded to [the] petition in this action ... As such, an award of attorneys' fees and costs incurred in bringing this action is justified.").

That said:

> Petitioner has not requested a specific amount of attorney's fees. Nor has it submitted attorney time records or any other documentation setting forth the hours worked and the costs incurred in pursuing confirmation of the [Final] Award.  Absent such support, the Court is unable to determine reasonable attorney's fees [or costs].

*China Ry. No. 10 Eng'g Grp. Co.* v. *Triorient, LLC*, No. 21 Civ. 5941 (RMB), 2022 WL 134880, at *4 (S.D.N.Y. Jan. 14, 2022).  Accordingly, the Court denies without prejudice Petitioner's application for attorneys' fees and costs.

15